**TRICONTINENTAL INDUSTRIES LTD., a British Columbia corporation, and Tricontinental Distribution Limited, formerly known as Texcan Cables Limited, a Canadian corporation, Plaintiffs,**

v.

**Alan B. ANIXTER, Scott C. Anixter, Carl E. Putnam, Donald Welchko, individuals, and Pricewaterhousecoopers, LLP, Defendants.**

No. 01 C 5526.

United States District Court,
N.D. Illinois,
Eastern Division.

April 9, 2004.

George L. Saunders, Jr., Saunders & Monroe, Terry Rose Saunders, Thomas Authur Doyle, Saunders & Doyle, Chicago, IL, for Plaintiffs.

Steven Joseph Roeder, Williams, Montgomery & John, Ltd., Michael D. Freeborn, Fred L. Foreman, Jason Christopher DeSanto, Douglas Alan Albritton, Freeborn & Peters, Edward T. Joyce, Edward T. Joyce & Associates P.C., Vincent J. Connelly, Heather O'Farrell Townsend, John Frederick Schomberg, Paris A. Wynn, Jennifer Lynn Rakstad, Melissa J. Pastrana, Mayer, Brown, Rowe & Maw LLP, Theodore Thomas Poulos, Terence H. Campbell, Cotsirilos, Stephenson, Tighe & Streicker, Chicago, IL, Brian E. Pastuszenski, Testa, Hurwitz & Thibeault, John J. Falvey, Jr., Courtney Worcester, Testa, Hurwitz & Thibeault, LLP, Boston, MA, Leo P. Cunningham, Jeffrey E. Tsai,

Gregory L. Watts, Bruce G. Vanyo, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, Laurie B Smilan, Timothy D. Belevetz, David P. O'Brien, Wilson, Sonsini, Goodrich & Rosati, PC, Reston, VA, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Tricontinental Industries Ltd. and Tricontinental Distribution Ltd., formerly known as Texcan Cables, Ltd. (collectively, "Tricontinental"), sold assets to Anicom, Ltd. ("Anicom"), in exchange for Anicom stock. Tricontinental sues individual officers and directors of Anicom as well as PricewaterhouseCoopers, LLP ("PwC"), an accounting firm that provided auditing and consulting services to Anicom in the time surrounding the transaction, for violations of the Securities Acts of 1933 and 1934 and for violations of several Illinois laws. I have previously dismissed the claims arising against PwC, *Tricontinental Indus., Ltd. v. Anixter*, 184 F.Supp.2d 786 (N.D.Ill.2002), as well as the claims against the individual officers and directors arising under the Securities Act of 1933. *Id.* I have further granted the individual defendants' motion to dismiss with regard to certain oral statements and press releases. *Tricontinental Indus., Ltd. v. Anixter*, 215 F.Supp.2d 942 (N.D.Ill.2002). Tricontinental filed a first amended complaint, adding Counts IV and V, and a second amended complaint adding Counts VI and VII. I granted the motions to dismiss Counts IV and V in an order dated January 29, 2004, and subsequently declined to reconsider that ruling as it applied to PwC. Now PwC moves for dismissal of Counts VI and VII of the second amended complaint. I GRANT the motion.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, and grant the motion only if the plaintiff can prove no set of facts to support its claim. *Thompson v. Ill. Dep't of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir.2002). However, a plaintiff can plead itself out of court by pleading facts that undermine the allegations set forth in its complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir.2000).

In Count VI, the plaintiffs allege that PwC violated section 10(b) of the Exchange Act in connection with its 1997 audit of Anicom's financial statements. In order to maintain a claim for fraud under this section, plaintiffs must allege both "transaction causation" and "loss causation." *Bastian v. Petren Res. Corp.*, 892 F.2d 680, 685 (7th Cir.1990). That is, the plaintiff must allege both that it "would not have invested in the instrument if the defendant had stated truthfully the material facts" *and* that "it was the very facts about which the defendant lied which caused its injuries." *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir.1997). In other words, "but for the circumstances that the fraud concealed, the investment ... would not have lost its value." *Bastian*, 892 F.2d at 683. In the context of a disputed sale of stock, plaintiffs must allege both that its value at the time of the transaction was inflated due to the defendants' misrepresentations and that the value of the shares declined once the truth was known. *Johnson v. Mut. Sav. Bank*, No. 95–C2379, 1996 WL 79414, 1996 U.S. Dist. LEXIS 1899, at *10–11 (N.D.Ill. Feb.21, 1996) (Grady, J.). Here, plaintiffs clearly allege transaction causation—they state that but for the misrepresentations, they would not have entered into the transaction. However, they fail to allege loss causation. Plaintiffs admit in their brief in opposition to the motion to dismiss that the stock's drop in value was caused by the public revelation of misstatements in Anicom's 1998 and

later financial statements and its subsequent bankruptcy filing, not by public exposure of the 1997 fraud. However, they argue that there was an "integral relationship" between the 1997 fraud and the 1998–2000 frauds, and that the 1997 fraud was "rolled over" and incorporated into the later misstatements that caused the drop in value. This argument is unavailing. They cite to no cases where an allegation of loss causation was permitted to proceed based on the allegation of a "rollover" fraud or other equally attenuated chain of causation. The motion to dismiss is GRANTED as to Count VI.

In Count VII, the plaintiffs allege that PwC committed common law fraud in connection with its 1997 audit. The elements of fraud are:

(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement.

*Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 221 Ill.Dec. 389, 675 N.E.2d 584, 591 (1997). This claim fails because the plaintiffs do not allege that PwC intended to induce action on the part of plaintiffs or anyone else. Nothing in the case plaintiffs cite, *Stein v. D'Amico*, No. 86–C9099, 1989 WL 91874 (N.D.Ill. Aug.8, 1989) (Leinenweber, J.), contradicts *Connick's* holding that a fraud plaintiff must allege intent; that case simply holds that the defendant need not intend to defraud a particular party. Here, PwC is not alleged to have intended to mislead anyone at all; the complaint only states that PwC acted "knowingly." This is too vague to meet the high pleading standards of Rule 9. The motion to dismiss is GRANTED as to Count VII.